UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICAH DWAYNE PERRYMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:15-CV-0033 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Micah Dwayne Perryman, a *pro se* prisoner, filed an amended habeas corpus petition challenging his 2006 conviction in Elkhart County for possession of cocaine with intent to deliver and possession of marijuana. (DE 4.) For the reasons stated below, amended petition (DE 4) is **DENIED** and Perryman is **DENIED** a certificate of appealability. The clerk is **DIRECTED** to close this case.

I.  BACKGROUND

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Perryman's burden to rebut this presumption with clear and convincing evidence. *Id*. The Indiana Court of Appeals set forth the facts underlying Perryman's conviction as follows:

> On May 4, 2003, Corporal Brian Schroth of the Elkhart Police Department supervised a controlled drug buy from a residence at 210 W. Washington St. in Elkhart. Corporal Schroth utilized a confidential informant ("C.I.") who had in the past provided him reliable information. Prior to the buy, the C.I. was searched and given a $20.00 bill that had been photocopied.
>
> Corporal Schroth, the C.I., and another officer arrived at the residence. The C.I. went to the door and Michelle Weekly answered. The C.I. asked for a "twenty," (Tr. at 254) meaning $20.00 of crack cocaine. Weekly handed Perryman a "bag of

> rocks." (*Id.*) Perryman retrieved one rock of cocaine from the bag and handed the rock to the C.I. The C.I. gave Perryman the $20.00 and left the house.
>
> When police searched the C.I., they found only the rock of cocaine. Corporal Schroth obtained a search warrant that was executed the next day. Lieutenant Leif Freehafer arrived to search Perryman's house and saw Perryman and a white female leave the house and get into a white car. Lt. Freehafer blocked Perryman's car so it could not leave, and shortly thereafter the SWAT team entered the house. Weekly was standing in the middle of the living room, and there was a partially smoked blunt in the ashtray.
>
> A search of the house revealed a vent in the basement that did not appear to be connected to heating equipment. Two bags were found in the vent. One contained 35 bags of individually wrapped rocks of crack cocaine totaling 11.36 grams and the other contained ten individually wrapped bags of marijuana totaling 14.92 grams.
>
> A jury found Perryman guilty of possession of cocaine and marijuana. At sentencing, the trial court found as aggravating circumstances Perryman's criminal history, his status as a probationer at the time of this offense, and the amount of drugs found in the residence. The trial court declined to place any weight on the mitigating circumstances suggested by Perryman and imposed a sentence of fifty years on the Class A felony and one year on the Class A misdemeanor, which sentences were to run concurrently.

*Perryman v. State*, No. 20A03-0609-CR-408 (Ind. Ct. App. April 9, 2007), slip op. 2-3.

On direct appeal, Perryman raised the following claims: (1) the trial court erred in admitting evidence found during a search from an illegal search warrant; and (2) the evidence was insufficient to support the convictions. (DE 9-4.) The Indiana Court of Appeals affirmed his conviction and sentence. (DE 9-6.) Perryman sought transfer to the Indiana Supreme Court raising these same claims (DE 9-7), but his petition was denied. (DE 9-3.)

Thereafter, Perryman pursued state post-conviction relief. (DE 9-8; 9-9.) Following an evidentiary hearing, the petition was denied. (DE 9-9.) On appeal of his post-conviction denial, he argued that his trial counsel was ineffective and that the trial court failed to maintain a complete audible recording of the proceedings. (DE 9-11.) The court rejected these arguments

and affirmed the denial of post-conviction relief, (DE 9-14), making the following additional findings of fact:

> Between approximately 8:00 p.m. and 10:00 p.m. on May 4, 2003, Elkhart City Police Corporal Brian Schroth supervised a controlled drug buy from a residence at 210 W. Washington Street in Elkhart, which was a property rented by Perryman. Corporal Schroth searched the confidential informant ("C.I.") and gave him twenty dollars. Corporal Schroth, Corporal Dave Baskins, and the C.I. arrived at the residence, the C.I. entered the residence, and Perryman and Michelle Weekly were present inside. Perryman asked the C.I. what he wanted, and the C.I. said that he wanted "20," which indicated that he wanted crack cocaine worth twenty dollars. 2006 Transcript at 273. Weekly then went to the bedroom and retrieved a bag, handed the bag to Perryman, and Perryman handed crack cocaine to the C.I. The C.I. was in the residence for approximately one to two minutes, exited the residence, and went straight to the vehicle containing Corporal Schroth and handed the crack cocaine to him.
>
> As a result of the information and items gathered, the police obtained a search warrant. At approximately 10:00 p.m. on May 5, 2003, the police executed the search warrant. Perryman, Brandy Bowen, and Weekly were present during the execution of the warrant. The police discovered two bags containing individually wrapped rocks of crack cocaine in an air duct. One of the baggies had thirty-five individually wrapped rocks of crack cocaine. The police found approximately sixteen grams of crack cocaine, twenty grams of marijuana, and a marijuana blunt cigar containing approximately 1.7 grams of marijuana. On May 9, 2003, the State charged Perryman with: Count I, possession of cocaine in excess of three grams as a class A felony; Count II, dealing in cocaine as a class B felony; Count III, maintaining a common nuisance as a class D felony; and Count IV, possession of marijuana as a class A misdemeanor. On January 12, 2004, Perryman's counsel filed a motion to suppress all items seized by law enforcement officials and any communications made by Perryman with law enforcement officers. Perryman's counsel argued that the affidavit for the search warrant was largely dependent on the unreliable information provided by the C.I. and was not supported by probable cause.
>
> On February 27, 2004, the State filed a Notice of Intent to Offer I.R.E. 404(b) Evidence which stated: "It is anticipated that as part of his defense, [Perryman] will argue or present evidence that the cocaine was possessed, not with the intent to deliver, but for his personal use." Petitioner's Exhibit 5. The State asserted that it was permitted to offer evidence relating to the controlled buy of cocaine and the subsequent search under Evidence Rule 404(b) to show proof of motive, intent, or absence of mistake or accident. Perryman's counsel objected and made an oral motion in limine, which the court overruled.

\* \* \* \*

On direct appeal, this court reversed based upon improper voir dire. Id. at 1011. On March 21, 2006, prior to the start of his second trial and through new counsel, Perryman filed a Motion to Suppress or in the Alternative Motion to reconsider and argued that the information provided by Corporal Schroth did not come from first-hand knowledge that a crime had been committed, that Corporal Schroth did not personally observe any illegal activity inside the residence, that the information came solely from the observations related by the C.I. to the officers, and that the evidence obtained as a result of the illegally issued search warrant should be suppressed and excluded from evidence at the trial. On March 23, 2006, the trial court held a hearing on the renewed Motion to Suppress, which it subsequently denied on March 27, 2006, the first day of Perryman's second jury trial. Perryman v. State, No. 20A03-0609-CR-408, slip op. at 4 (Ind. Ct. App. April 9, 2007), trans. denied. Meanwhile, an entry dated March 23, 2006, in the chronological case summary indicates that the State still intended to offer information consistent with the 404(b) motion filed in the first trial. On March 28, 2006, Perryman was again found guilty of possession of cocaine in excess of three grams with the intent to deliver and possession of marijuana. Id.

\* \* \* \*

On appeal, Perryman argued that the trial court improperly denied his motion to suppress evidence. Id. at 4. Specifically, Perryman asserted that the evidence seized from his residence was obtained in violation of Ind. Code § 35-33-5-2(b) and that the search warrant was based upon hearsay. Id. The court found that Perryman did not object at trial to the admission of evidence obtained as a result of the warrant and held that, waiver notwithstanding, Perryman's hearsay argument failed on its own accord. Id. at 5-6. Specifically, the court held:

> We have previously held that an affidavit based on the statements of officers engaged in the investigation and shown to be based upon their actual knowledge, is not deficient, despite its hearsay character. Redden [v. State, 850 N.E.2d 451, 461 (Ind. Ct. App. 2006), trans. denied]. Our review of the affidavit in this case shows great detail as to the circumstances of the controlled drug buy performed at Perryman's residence, culminating the knowledge of the C.I. and at least three police officers. Therefore, we can find no error in the trial court's decision to admit the evidence obtained as a result of this affidavit.

Id.

\* \* \* \*

On December 6, 2012, the court held a hearing on Perryman's petition, The judge for Perryman's prior trials, Judge George W. Biddlecome, and the court reporter, testified regarding the recording system. Perryman's trial counsel, the prosecutor, Perryman, and Weekly also testified. Bowen testified that she was arrested with Perryman and Weekly on May 5, 2003, arrived at Perryman's house that morning, and hung out with Weekly. Bowen testified that a man she knew as Twin arrived in the early afternoon and gave some baggies containing marijuana to Weekly and that Weekly took the baggies into another room when Perryman was not home. Bowen also testified that Perryman came home around 8:30-9:00 p.m., that she was never interviewed by Perryman's trial counsel, and that she would have testified at the trial. On cross-examination, Bowen admitted that she had been convicted of home invasion and that she did not know if Perryman had contacted Twin earlier and asked him to bring drugs to his residence.

On July 19, 2013, the court entered an order denying Perryman's petition for post-conviction relief and indicating that an additional order would set forth certain findings in support of the court's decision. On August 14, 2013, the court entered an order which states:

* * * *

[Perryman] next contends that [trial counsel] was ineffective for failing to interview Brandy Bowen (now Brandy Bowen Murphy) as a potential witness and failing to call her to testify in the Perryman trial.

At the Post-Conviction hearing [trial counsel] stated that he had interviewed a female witness who allegedly had exculpatory information but decided not to call her as a witness. [Trial counsel] could not recall the name. Brandy Bowen denied meeting with [trial counsel]. Nevertheless, Brandy Bowen did testify at the Post-Conviction hearing which gave this Court the opportunity to assess her as a testifying witness. In determining whether the failure to call a particular witness constitutes malfeasance on the part of an attorney, the Court must take into consideration whether the witness has sufficient credibility so as to possibly influence the outcome of the trial. Having listened to and observed the witness Brandy Bowen Murphy, that [sic] she lacks that necessary element of credibility. It is the opinion of this Court that failure of [trial counsel] to call Brandy Bowen Murphy as a witness did not prevent Perryman from his right to fair trial because of Brandy Bowen's lack of credibility.

[Perryman] next alleges that [trial counsel] was ineffective for allowing the State to introduce evidence in its case-in-chief which exceeds the scope of I.R.E. 404(b). Here this Court agrees with the State presented [sic] analysis of the Indiana Supreme Court case of Goodner v. State, 685 N.E.2d 1058 (Ind. 1997) to

5

> the effect that evidence of the prior buy was admissible to demonstrate a "plan". Further, it is noted that [trial counsel] testified that he made certain strategic decisions regarding that evidence which appeared to be reasonably based. Such decisions can be second-guessed but that does not overcome the presumption of competence of counsel.
>
> Finally, Perryman contends that [trial counsel] rendered ineffective assistance of counsel by failing to challenge the affidavit which supported the search warrant and the evidence seized pursuant to that warrant.
>
> It is sufficient to note that the search warrant was challenged and [sic] both the trial level and the appellate level. In both instances, the Courts found that the evidence supporting the warrant was sufficient. [Perryman] fails to convince this Court that additional or different approaches to challenge the search warrant would have resulted in different rulings by the trial or appellate courts. There is presumption [sic] that counsel rendered competent counsel and exercised reasonable professional judgment in his representation. That presumption must be overcome by strong and convincing evidence. This Court now finds that [Perryman] has failed to sustain that burden.

*Perryman v. State*, No. 20A03-1308-PC-299 (Ind. Ct. App. July 20, 2014).

Thereafter, Perryman sought review by the Indiana Supreme Court, but the Court denied transfer. (DE 9-7; 9-10.) Perryman then sought federal habeas relief. In his petition, he raises the following claims: (1) his trial counsel was ineffective for failing to challenge the search warrant and object to evidence discovered pursuant to that warrant; (2) trial and appellate counsel failed to challenge the admission of evidence admitted in violation of Indiana Rule of Evidence 404(b) or give a limiting jury instruction; and (3) trial counsel failed to investigate witness Bowen and present her testimony at the trial. (DE 4 at 2-5.)

## II.   ANALYSIS

Perryman's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody

pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is contrary to federal law if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant U.S. Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from U.S. Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Id.* This is a difficult standard to meet, and "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as

fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011). Instead, to obtain relief, a petitioner must show the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

    A.    <u>Ineffective Assistance of Counsel</u>

Perryman raises various ineffective assistance of counsel claims. He asserts that both his trial and appellate counsel provided ineffective assistance. "The Sixth Amendment entitles criminal defendants to the 'effective assistance of counsel'---that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 16 (2009).

The governing Supreme Court case for resolving an ineffective assistance claim is *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel under *Strickland*, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. The court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004). The prejudice prong requires the petitioner to show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Where it is expedient to do so, a court may resolve an ineffective assistance claim solely on the prejudice prong; in other words, where the petitioner cannot establish prejudice, there is no need to consider in detail whether counsel's performance was

8

constitutionally deficient. *See Strickland*, 466 U.S. at 697; *Watson v. Anglin*, 560 F.3d 687, 689-90 (7th Cir. 2009).

A claim of ineffective assistance of appellate counsel is also subject to the *Strickland* analysis. *Howard v. Gramley*, 225 F.3d 784, 789-90 (7th Cir. 2000). On the deficiency prong, the petitioner must show that counsel failed to present a "significant and obvious" issue on appeal. *Id.* at 790. However, counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). On the prejudice prong, the petitioner must demonstrate that if the argument had been raised, there is "a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal." *Howard*, 225 F.3d at 790.

Furthermore, the court must "evaluate [counsel's] performance as a whole rather than focus on a single failing or oversight, " *Ebert v. Gaetz*, 610 F.3d 404, 412 (7th Cir. 2010), and must respect its "limited role in determining whether there was manifest deficiency in light of information then available to counsel." *Premo v. Moore*, 562 U.S. 115 (2011). "[C]ounsel need not be perfect, indeed not even very good, to be constitutionally adequate." *McAfee v. Thurmer*, 589 F.3d 353, 355-56 (7th Cir. 2009) (citation omitted). Where the defendant wanted counsel to raise an argument that itself had no merit, an ineffective assistance claim cannot succeed, because "[f]ailure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

Here, in rejecting all three of Perryman's ineffective assistance claims, the Indiana Court of Appeals properly identified *Strickland* as the governing standard. (DE 9-14 at 11.) Of course,

9

this Court's review of the state court's application of *Strickland* is not *de novo*. This review is limited to whether the state appellate court's determination that Perryman was not denied effective assistance of counsel "was contrary to, or involved an unreasonable application of" *Strickland*. *Richter*, 131 S.Ct. 788. Accordingly, the question for this court is whether the appellate court's resolution of the claims was unreasonable.

    1.    The Indiana Court of Appeals was reasonable in finding that trial counsel was not ineffective for not challenging search warrant affidavit.

Perryman first claims that his trial counsel was ineffective for failing to challenge the search warrant affidavit. On appeal, Perryman argued that the search warrant was illegal because the affidavit in support of the warrant was partially based on hearsay from a confidential informant who conducted a controlled buy at Perryman's residence. (DE 9-4.) The court of appeals found that Perryman waived this claim by not making a contemporaneous claim. Nevertheless, the court went on to conclude that the search warrant was properly supported by probable cause based on the police officers' investigation and their actual knowledge, despite the inclusion of some hearsay based on the informant. (DE 9-6 at 6.) The court stated, "Our review of the affidavit in this case shows great detail as to the circumstances of the controlled drug buy performed at Perryman's residence, culminating the knowledge of the C.I. and at least three police officers." (Id.)

On appeal from the denial of post-conviction, Perryman argued that his attorney was ineffective for not objecting to the evidence seized pursuant to the search warrant based on hearsay from the C.I. contained in the probable cause affidavit, the lack of controls during the buy, and unreliable information. (DE 9-11.) The court of appeals determined that Perryman failed to show that the probable cause affidavit was deficient. It also found that there were

sufficient controls on the buy, that the inclusion of some hearsay did not render the affidavit insufficient to support probable cause, and that Perryman failed to show that any evidence was unreliable. As such, it found that trial counsel was not deficient in challenging the search warrant on these bases. (DE 9-14 at 13-16.)

Based on the record, the state court's resolution of this claim was reasonable. On post-conviction, the only evidence Perryman offered was with respect to his claim that the controlled buy lacked adequate controls. He provided a description of the apartment, its doors and the photographs he claims show that the officers were unable to observe the front and back doors at the same time. (PCR Tr. Hrg. at 73-81.) However, the controlled buy here had adequate controls. The police officers searched the C.I. before the buy; observed the C.I. go into Perryman's residence for one or two minutes; and observed him come directly out of the residence with cocaine. In fact, the court found that under Indiana law, the controlled buy was sufficient to establish probably cause. (9-14 at 13-14.) Perryman did not present any evidence that would cast any doubt the controlled buy. Moreover, Perryman failed to established any prejudice, since he has not established that an objection to the search warrant would have been sustained under Indiana law. *See Stone*, 86 F.3d at 717. Nor has Perryman presented any clearly federal established law demonstrating that in this scenario, an attorney is ineffective for failing to challenge the search warrant. Ultimately, Perryman failed to establish that had his trial counsel objected, the evidence would have been suppressed.

In his traverse, Perryman makes clear that the crux of his federal habeas claim is that the probable cause affidavit in support of the search warrant was signed by Officer Dennis Russell, but it was actually Officer Brian Schroth who wrote the affidavit. (DE 4 at 2-3.) Perryman argues

11

that Officer Russell's representations are confusing and misleading. Despite Perryman's complaints, Officer Russell signing the affidavit that recounts information obtained from other officers and informants is not uncommon or unconstitutional. There is no requirement that the affiant have direct knowledge of all of the facts essential to support a finding of probable cause. Nor must the probable cause determination be based only on evidence that would be admissible at trial. *Brinegar v. United States*, 338 U.S. 160, 173 (1949); *see also United States v. Ventresca*, 380 U.S. 102, 107 (1965) (holding that finding of probable cause may rest upon evidence which is not legally competent in a criminal trial). Thus, Perryman's counsel can not be said to have been constitutionally ineffective for not challenging the affidavit in support of the search warrant.

> 2. The Indiana Court of Appeals reasonably found that trial and appellate counsel were not ineffective in failing to object to 404(b) evidence.

Perryman argues that counsel was ineffective in failing to object to evidence of the controlled buy that was used to obtain the search warrant that discovered drugs in his residence or, at the very least, issue a jury instruction about how this evidence could be considered by the jury. However, the record reflects that counsel did not overlook this issue due to lack of preparation or inadvertence; he was well aware of the issue but made the strategic decision not to pursue the issue. (PCR Hrg. Tr. at 43.) The post-conviction court reasoned:

> We initially observe that at the post-conviction hearing, Perryman's trial counsel testified that it was a strategic decision to allow the use of 404(b) evidence because the drugs from the controlled buy and the drugs found later were not of the same type based upon lab testing. We also observe that trial counsel filed a Motion to Suppress or in the Alternative Motion to Reconsider challenging the admission of the evidence of the search, which the court denied. Lastly, we cannot say that Perryman has demonstrated a reasonable probability that an objection to the admission of the evidence under Ind. Evidence Rule 404(b) would have been sustained if made.

12

*Perryman*, No 20C01-0802-PC-0003, slip op. at 18 (internal citation omitted).

Counsel's strategy was not "so far off the wall" as to constitute deficient performance. *See Lathrop*, 634 F.3d at 937. The defense theory he selected appears reasonable in that the difference in the drugs on the two separate days could well have caused the jurors to wonder whether the drugs found on May 5, 2003, were actually Perryman's. Although the defense strategy ultimately proved unsuccessful, this cannot be attributed to an error by counsel, but rather to the strength of the evidence inculpating Perryman. In addition, the trial record reflects that counsel vigorously pursued a motion to suppress, which was denied. (DE 9-14.)

Based on the record, Perryman has not demonstrated that counsel was deficient, or that in the absence of an error by counsel, the result of the proceeding would likely have been different. Indeed, the court of appeals recognized that Indiana law does not exclude evidence that is intrinsic to the charged offense. The court found that the controlled buy that supported the warrant was intrinsic to the charged offense and thus Perryman could not show that he was prejudiced by his counsel's failure to object to the evidence as it was admissible. Again, Perryman has failed to established prejudice, since he has not established that an objection to the admission of the 404(b) evidence would have been sustained under Indiana law. *See Stone*, 86 F.3d at 717. The state court's resolution of this claim was reasonable.

Regarding the limiting jury instruction, the Indiana Court of Appeals determined that it was unnecessary to inform the jury how to consider evidence of the controlled buy and that there was likewise no prejudice. In short, Perryman has not established that counsel failed to serve as an advocate or that counsel's overall performance fell below the minimum standard required by *Strickland*. Based on the record, the state court's resolution of Perryman's ineffective assistance

of counsel claims did not constitute an unreasonable application of *Strickland*. Moreover, Perryman has failed to present any clearly federal established law demonstrating that in this scenario, an attorney is ineffective for failing to challenge the evidence allowed under Indiana Trial Rule 404(b). Accordingly, these claims are not a basis for habeas relief.

      3.      The Indiana Court of Appeals was reasonable in determining that trial counsel was not ineffective for not investigating or presenting Bowen's testimony.

Perryman asserts that his trial counsel was ineffective for failing to locate and question Brandy Bowen, an eyewitness to the charged crimes. The post-conviction court heard Bowen's testimony and determined that she was not credible and therefore counsel was not ineffective for failing to call her as a witness. (DE 9-14 at 23.) Relying on the post-conviction court's credibility determination, the Indiana Court of Appeals found that trial counsel was not ineffective for failing calling Bowen as a witness. (Id.) It is not this court's function on federal habeas review to re-weigh the evidence or reassess the credibility of witnesses. Similarly, it was not unreasonable for the court of appeals to rely on the post-conviction court's credibility determination. The post-conviction court had the opportunity to observe Ms. Bowen. Moreover, the state court's conclusion that Bowen was not credible is not unreasonable. Not only did the court have the opportunity to observe her, but Bowen's credibility was impeached by the fact that she has been convicted of a felony - robbery. (PCR Hr. Tr. at 61.) Even though not a crime of dishonesty *per se*, it is still probative of a witness's truthfulness. *United States v. Smith*, 80 F.3d 1188, 1193 (7th Cir. 1996); *United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir. 1993). Bowen was also evasive and seemingly less than forthcoming in her answers regarding her knowledge of and relationship with Perryman and Twin. (DE 54-71.)

14

Nevertheless, Bowen's testimony, even if included in the trial, would not have provided a basis to believe that the result of the trial would have been different. Nothing in Bowen's testimony would have changed the fact that a large amount of crack cocaine packaged for individual sale was found in Perryman's home pursuant to a search warrant. While Bowen may have testified that Twin brought the drugs into Perryman's house, she was unsure why Twin brought those drugs to Perryman's house or if Twin did so at the request of Perryman. (PCR Hrg. Tr. at 65.) Thus, Bowen's testimony would have done nothing to exculpate Perryman. Ultimately, Perryman has demonstrated neither deficient performance nor prejudice of his counsel's actions. Nor has he shown that the Indiana Court of Appeals' adjudication as to any of his ineffective assistance claims was unreasonable.

    B.    Certificate of Appealability

Pursuant to RULE 11 of the RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Perryman's claims are without merit under AEDPA standards. The court finds no basis to conclude that jurists of reason could debate the outcome of the petition or find a reason to encourage Perryman to proceed further. Accordingly, the court declines to issue Perryman a certificate of appealability.

III.     CONCLUSION

For the reasons set forth above, the amended petition (DE 4) is **DENIED**, and the petitioner is **DENIED** a certificate of appealability. The clerk is **DIRECTED** to close this case.

ENTERED: January 6, 2017

                                            s/William C. Lee
                                            William C. Lee, Judge
                                            United States District Court